## BUSH v. MURPHY.

(Supreme Court, Appellate Term. November 30, 1903.)

1. HIGHWAYS—RIGHTS OF DRIVERS—INJURIES—NEGLIGENCE.
Plaintiff's wagon was being driven north along the right-hand car track laid on a street when a light wagon was approaching it on the left track, and defendant's heavy truck was approaching slightly in front of the light wagon, but to the left and clear of the left-hand track. Plaintiff's wagon came opposite the light wagon as the latter came abreast of the truck, when the driver of the truck attempted to swing across over the tracks, and collided with the light wagon, throwing it against plaintiff's wagon and injuring plaintiff's horse; the driver of the truck simply giving a signal with his hand that he intended to take the right of way before attempting to cross. *Held*, that the truckman was guilty of negligence entitling plaintiff to recover.

2. SAME—CONTRIBUTORY NEGLIGENCE.
Such facts were insufficient to charge the driver of plaintiff's wagon with negligence in failing to anticipate the collision.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action for negligence by John L. Bush against Daniel Murphy. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Frederick L. Taylor and Thomas E. Rush, for appellant.
James F. Fogerty, for respondent.

BISCHOFF, J. The plaintiff's wagon was being driven northly along West street, upon the right-hand car-track. A light wagon was approaching it upon the track to the left, and the defendant's heavy truck was slightly in front of the light wagon, but to the left and clear of the left-hand track. The plaintiff's wagon came opposite to the light wagon as the latter, going a little faster than the truck, came beside it; but the truck then attempted to swing toward and over the tracks, and, colliding with the light wagon, threw it against the plaintiff's wagon, with the result that his horse was killed. Whether the driver of the light wagon was or was not negligent in failing to stop when the truck attempted to pass, does not affect the defendant's liability, if the truck driver's attempt to cut across was also negligent; and the justice was quite authorized to find that it was. So far as appears, the truckman simply gave a signal with his hand that he intended to take the right of way—a right not justified by reasonable prudence, in view of the position of the three wagons, but depending for

its assertion mainly upon the greater size of his vehicle—and then proceeded to bring about a serious collision. From the relative station of these wagons, and the manner of approach, the person in charge of the plaintiff's wagon could well be absolved from negligence in failing to anticipate this negligent act of the truckman or to avoid the accident, since the circumstances leading to the accident were not such as to suggest danger until the danger came suddenly upon him. The probabilities as to the nature of the impact between the truck and the light wagon are not against the testimony for the plaintiff, as the appellant asserts, in view of the particular angle at which the truck's course may have been deflected.

Judgment affirmed, with costs. All concur.